TILLMAN PEARSON, Judge.
The appellant was a defendant and cross-plaintiff in the trial court. It will be referred to as “Mutual”. The judgment appealed is a summary final judgment against Mutual on its cross-claim. The cross-claim sought indemnification to Mutual from its tenant-licensee, who was also a defendant in the trial court and is the appel-lee on this appeal. The tenant will be referred to as “Armour.” Mutual was a closed-door membership department store and Armour was a tenant occupying a portion of the store under a written-lease agreement The plaintiff, who is not a party to this appeal, filed an action for damages arising out of alleged personal injuries sustained in a warehouse area occupied by both Mutual and Armour. The complaint alleged negligence of both Mutual and Armour.
The agreement between Mutual and Armour included the following provision:
“13. Indemnification and Insurance. “Licensee hereby indemnifies and holds harmless Licensor, its officers, agents and employees, from any claim or liability of whatsoever character arising out of or resulting from Licensee’s exercise of any rights or privileges hereunder * *
As previously mentioned, the word licensee refers to Armour and the word licensor refers to Mutual.
The action was brought against both Mutual and Armour. Mutual cross-claimed against Armour alleging in part:
“3. That the said MUTUAL EMPLOYEES TRADEMART, INC. has heretofore made demand upon ARMOUR SERVICE OF FLORIDA, INC. to hold it harmless from all such loss, expenses and costs and the said ARMOUR SERVICE OF FLORIDA, INC. has failed and refused to do so.”
Both Armour and Mutual filed motions for summary judgment upon the complaint of the plaintiff Romayko. Mutual’s motion for summary judgment on the claim of Romayko was granted and summary final judgment upon the claim was entered in favor of Mutual. Thereafter the cause proceeded to trial and the defendant Armour received a verdict.
After the trial both Mutual and Armour moved for summary judgment on Mutual’s cross-claim which was now alive for the claimed expenses and costs, including attorney’s fees expended in the defense of the action of the plaintiff Romayko. The trial court entered a summary final judgment for Armour and against Mutual on its cross-claim. This appeal followed.
The question presented is whether or not it appears as a matter of law that Mutual is not entitled to indemnification under the contract provision above set out. The trial court so held and appellee suggests that this holding should be sustained because the original complaint of Romayko was for negligence of both Mutual and Armour and, accordingly, Mutual as a tort-feasor, either individually or jointly, is not entitled to indemnification from Armour under the agreement referred to above. This argument is not sustainable upon the record before us because it affirmatively appears that the injuries sustained by the plaintiff resulted from contact with an instrumentality under the control of Armour. The suit would not have arisen but for Armour’s presence in the building under the lease agreement. Accordingly, the indemnifica *66 tion provision of the above-quoted agreement is applicable to this case. We therefore conclude that the summary final judgment entered against Mutual must be reversed.
Reversed.