266 So.2d 678 (1972)
James E. MIDDLETON, Appellant,
v.
Morris LOMASKIN and Markell Industries, Inc., a Florida Corporation, Appellees.
No. 72-27.
District Court of Appeal of Florida, Third District.
September 19, 1972.
Rehearing Denied October 11, 1972.
*679 Fuller, Brumer, Moss & Cohen and Richard Yale Feder, Miami, for appellant.
Wicker, Smith, Pyszka, Blomqvist & Davant and Daniel Draper, Jr., Miami, for appellees.
Before BARKDULL, C.J., and PEARSON and HENDRY, JJ.
HENDRY, Judge.
This is an appeal by plaintiff from a summary final judgment entered against him in an action for personal injuries which he alleged were suffered by him as a result of a fall on the premises of his landlords, the defendants.
Plaintiff was a tenant of an apartment under a written lease agreement entered into between him and the defendants. The lease contained the following provisions:
"TENANT'S WAIVER OF LIABILITY
"The taking of possession of the demised premises by TENANT shall be conclusive evidence that said demised premises and the building of which the same are a part were in all respects in good and satisfactory condition and acceptable to TENANT at the time that TENANT took possession thereof. TENANT hereby releases LANDLORD from any and all claims arising from any defect in the condition of said demised premises, or the property of LANDLORD of which said premises are a part, or the equipment, fixtures or appliances in or serving said demised premises and the property of which they are a part, and the streets, alleys, areas, area-ways, passages or sidewalks adjoining or appurtenant thereto.
"LANDLORD shall not be liable for, and TENANT hereby, for himself, his family, his invitees, licensees and permitees, releases, discharges and aquits LANDLORD [f]or any and all claims for loss, damage or injury of any nature whatsoever to person or property resulting in any way from or in any fashion arising from, connected with or resulting from occupancy and use of the demised premises and the property of which said premises are a part, whether caused by negligent acts of LANDLORD, its agents or servants or otherwise."
This waiver of liability provision of the lease was pleaded in the answer and was the ground upon which the trial judge granted defendants' motion for summary judgment.
Plaintiff argues for reversal on the grounds that the summary judgment was erroneously entered because the tenant's waiver of liability either did not, in fact, immunize the landlord from liability for the landlords' negligence or, if the provision did immunize the landlords, then it was void as unconstitutional as against the public policy of Florida.
*680 These issues were urged by plaintiff in the trial court and they were correctly rejected.
Generally, exculpatory contracts which attempt to relieve a party of his own negligence are not looked upon with favor; however, such contracts have been held valid and enforceable in Florida, where such intention was made clear and unequivocal in such contract.
We think the exculpatory clause in the lease before us clearly states that the lessors are not to be liable to the lessee for acts of lessors' own negligence. We think the trial court was correct in entering a summary final judgment in favor of the lessors on the ground that the tenant waived liability of the lessors. St. Pierre v. Food Fair Stores, North Dade, Inc., Fla.App. 1961, 135 So.2d 9; Mutual Employees Trademart, Inc. v. Armour Service of Florida, Inc., Fla.App. 1965, 170 So.2d 64; Thomas Awning & Tent Co., Inc. v. Toby's Twelfth Cafeteria, Inc., Fla.App. 1967, 204 So.2d 756; "Anno., Validity of contractual provisions by one other than carrier or employer for exemption from liability, or indemnification, for consequences of own negligence," 175 A.L.R. 8, at § 45, p. 83 et seq.
For the reasons stated the judgment appealed is affirmed.
Affirmed.
PEARSON, Judge (dissenting).
A more serious question is presented here than was presented in St. Pierre v. Food Fair Stores, North Dade, Inc., Fla. App. 1961, 135 So.2d 9, and cases which have followed that holding. We deal here with a provision of an apartment lease in which the landlord exempts himself from his own negligence for the maintenance of areas which the tenant has a right to use but over which the landlord maintains control. See Butler v. Maney, 146 Fla. 33, 200 So. 226 (1941); Conroy v. Briley, Fla.App. 1966, 191 So.2d 601.
A tenant in search of housing may not be able to deal on an equal footing with a landlord. There is, therefore, a good basis in public policy for a holding that the landlord may not as a part of the lease require that the tenant contract away his rights to be protected from the landlord's negligence in maintaining those portions of the premises which are a part of the area to be used by the tenant but which are controlled by the landlord. I would hold that a landlord may not, by the insertion of a clause in the rental contract, free himself from liability for his own negligence in the maintenance of these common areas. See Kuzmiak v. Brookchester, Inc., 33 N.J. Super. 575, 111 A.2d 425 (1955); Papakalos v. Shaka, 91 N.H. 265, 18 A.2d 377 (1941).