310 So.2d 458 (1975)
Charles FUENTES, Appellant,
v.
Michael W. OWEN et al., Appellees.
No. 74-948.
District Court of Appeal of Florida, Third District.
April 8, 1975.
Noriega & Bartel and Paul J. Levine, Miami, for appellant.
Horton, Perse & Ginsberg, Welsh & Carroll, Miami, for appellees.
Before PEARSON and NATHAN, JJ. and CHARLES CARROLL (Ret.), Associate Judge.
CHARLES CARROLL, Associate Judge.
This is an appeal by the plaintiff below from an order dismissing his complaint with prejudice. The plaintiff and one Roland Tomassetti were the lessees of an apartment in a building owned by the defendant Lincoln Property Company No. Ten of Atlanta, Georgia, d/b/a Spanish Trace Club Apartments, herein referred to as the landlord, of which the defendant Michael W. Owen was the owners' employed resident manager.
In the complaint filed against the landlord, its liability insurer and the resident manager, the plaintiff alleged, among other things, his tenancy under a written lease, a copy of which was attached to the complaint; that under the lease there was a warranty of habitability and quiet enjoyment; that during a period in December, 1972, and extending into January, 1973, the plaintiff discovered the apartment was infested with earthworms and so informed the landlord's agent; that the latter undertook to remedy the situation but was unable to do so; that the infestation of worms continued; that because thereof the plaintiff informed the landlord through its rental office on February 15, 1973, that he would vacate the apartment on February 20, 1973; that on February 16, 1973, plaintiff received from the landlord a "three-day *459 notice" to vacate; that on February 17, plaintiff removed most of his personal possessions from the apartment, and when he returned on the morning of February 18 to remove the rest thereof he found the apartment locked (with changed locks) and the manager inside the apartment; that after refusing to permit the plaintiff to enter the apartment, the manager invited him to come in through an unlocked window; that as plaintiff was so entering the manager "grabbed plaintiff by the head and proceeded to intentionally, maliciously and without just cause beat him with his hands about the head and neck, body and extremities", and that after the manager had been restrained by two persons he followed the plaintiff as the latter left the premises and attempted to prevent the plaintiff from driving away in his car; and that the said assault upon the plaintiff caused a fracture of the bone in the upper part of his right arm, requiring surgery and insertion of a steel compression plate in the arm. For the alleged assault and battery the plaintiff sought damages, for his injuries, pain and suffering, disability, loss of earnings and medical expenses, etc., and, alleging such action of the manager was willful, wanton and reckless, prayed for punitive damages.
Plaintiff sought damages in a second count based on wrongful eviction, in a third count for conversion of personal property and in a fourth count, for the acts complained of, predicated on a claim of negligence.
Paragraph 28 of the printed lease was an exculpatory clause in favor of the landlord and his agents. It was entitled "Harmless Agency or Liability for Use of Premises". It provided as follows:
"Lessee agrees to release, indemnify and hold harmless the Lessor and the Agents from and against any and all claims for damage to persons or property occurring to Lessee, members of Lessee's family or guests of Lessee, arising from the use or occupancy of the lease premises and the grounds, driveways, parking lots, recreational areas, including swimming pool or pools, provided for the benefit of residents of the Lessor, and all expenses incurred by the Lessor thereof, including attorney's fees and expenses of litigation."
The defendants moved to dismiss the complaint on the ground that the above quoted clause operated to relieve them of liability for the acts complained of. The trial court so held, in granting the motion and dismissing the complaint with prejudice.
In seeking reversal thereof the plaintiff contends first that the exculpatory clause in the lease should be held to be void by virtue of a statute so providing which was enacted and became effective after the date of this lease and after the time of the occurrences upon which the complaint is based. We hold that contention is without merit.[1]
Secondly, appellant contends the exculpatory clause would not relieve the landlord or his agent from liability for an intentional tort. In concluding to the contrary the trial court was in error.
Exculpatory clauses in leases relieving the landlord and/or his agents from liability for their negligent acts have been upheld in Florida insofar as they apply to injuries sustained by a tenant as a result of a defect in the leasehold estate. Middleton v. Lomaskin, Fla.App. 1972, 266 So.2d 678. However, in upholding the validity of said clauses the courts have recognized that they are not looked upon with favor and are enforceable only where and to the extent that such intention was made clear and unequivocal in the contract. Middleton v. Lomaskin, supra; Ivey Plants, Inc. v. FMC Corporation, Fla.App. 1973, 282 So.2d 205. The wording of such *460 an agreement must be so clear and understandable that an ordinary and knowledgeable party to it will know what he is contracting away. 57 Am.Jur.2d, Negligence, § 31. Certainly the broad form exculpatory clause in the case sub judice would apprise the appellant herein that he has waived the landlord's liability for injuries sustained in the normal use of the leasehold, but that language could not reasonably be construed to constitute an intelligent waiver of liability for an intentional tort committed upon the person of the appellant by the landlord and/or his agent.
Furthermore, even if the exculpatory clause herein were capable of being construed to apply to an intentional tort, such an attempt to exempt one from liability for an intentional tort is generally declared void. Brady v. Glosson, 87 Ga. App. 476, 745 S.E.2d 253; Kuzmiak v. Brookchester, Inc., 33 N.J. Super. 575, 111 A.2d 425; Swisscraft Novelty Co., Inc. v. Alad Realty Corp., 113 N.J. Super. 416, 274 A.2d 59; 6A Corbin, Contracts, § 1472, pages 596-597; Restatement of the Law, Contracts, §§ 574, 575; 57 Am.Jur.2d, Negligence, § 31, 17 C.J.S. Contracts § 262, page 1168.
The exculpatory clause in the lease involved here will not exempt the agent from liability for his intentional tort, nor can it exempt the landlord from its liability therefor, under the doctrine of respondeat superior. See Columbia By The Sea, Inc. v. Petty, Fla.App. 1963, 157 So.2d 190.
While the exculpatory clause would be effective to bar a count based on negligence, it would not so operate with respect to the claims asserted in the complaint based on allegations of intentional tort. Accordingly the order dismissing the complaint is reversed, and the cause is remanded for further proceedings.
Reversed and remanded.
NOTES
[1] Under ch. 73-330, § 2 (appearing as § 83.47, Fla. Stat., F.S.A.) the exculpatory provision of this lease would be void. However, by a subsection thereof it would appear the statute is to be applied prospectively.