Richard JONES and Patricia
Jones, Plaintiffs,

v.

WALT DISNEY WORLD CO.,
Defendant.

Civ. No. 75–54.

United States District Court,
W. D. New York.

March 18, 1976.

Samuel R. Miserendino, Miserendino, Krull & Foley, Buffalo, N. Y., for plaintiff.

George M. Gibson, Ohlin, Damon, Morey, Sawyer & Moot, Buffalo, N. Y., for defendant.

## MEMORANDUM and ORDER

ELFVIN, District Judge.

This cause of action is for personal injury allegedly sustained by Patricia Jones, a resident of the Western District of New York, at the Tri-Circle D Ranch, a facility at Walt Disney World in Lake Buena Vista, Florida. The accident occurred on the morning of March 22, 1973. Plaintiff Patricia Jones was a customer at the Tri-Circle D Ranch for the purpose of going on a horseback ride tour of the ranch. Upon purchasing a ticket to participate in the tour, she signed a "Waiver and Hold Harmless Agreement" which reads in full as follows:

> "*WAIVER AND HOLD HARMLESS AGREEMENT*
>
> "In renting a horse from Walt Disney World Co., I agree to assume the risks inherent in horseback riding. I hereby waive any and all claims or ·causes of action which I may now or hereafter have against Walt Disney World Co. arising out of any injuries I may sustain as a result of that horseback riding, and I will hold Walt Disney World Co. harmless against any and all claims resulting from such injuries.
>
> "This waiver and agreement to indemnify shall be binding upon me and my heirs, personal representatives and assigns.
>
> s/<u>Patricia J. Jones</u> (Seal)
>
> "Dated: <u>March 22, 1973</u>"

As her mount, she was offered a bay gelding by the name of "Buddy". After mounting, Patricia Jones rode over·to a group of other customers who were waiting to leave the corral for the tour. It was then, as contended by plaintiff, that Buddy suddenly and without warning began to spin, roll about and violently buck, throwing her to the ground and causing her injuries.

Subject matter jurisdiction is grounded on diversity of citizenship with a claim of more than the statutory amount. "Quasi-in-rem" jurisdiction was obtained through the procedure of attachment of an insurance policy. *Seider v. Roth*, 17 N.Y.2d 111, 269 N.Y.S.2d 99, 216 N.E.2d 312 (1966).

After removing the action from state court, defendant moved pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the complaint on grounds of its failure to state a claim or, in the alternative, to grant summary judgment under Rule 56 on the ground that there is no genuine issue as to any material fact. If the cause of action were not to be dismissed and summary judgment were not to be granted, de-

fendant moved to transfer this action to the United States District Court for the Middle District of Florida under 28 U.S.C. § 1404(a).

Defendant contends that Patricia Jones, in clear and unequivocal language, agreed to waive any claims or causes of action which she had or would have against defendant arising out of any injuries sustained as a result of the horseback riding.

■ Florida Law is controlling on the question of the interpretation to be given the agreement. Referenced authorities from New York and other jurisdictions by both plaintiffs and defendant—especially *Moss v. Fortune*, 207 Tenn. 426, 340 S.W.2d 902 (1960)—while informative, are in no way controlling.

■ As to the indemnification aspect of the agreement, it is clear that under Florida Law the intent to indemnify the indemnitee for his own negligence must be specifically provided for in the indemnity contract. *University Plaza Shopping Center, Inc. v. Stewart*, 272 So.2d 507 (Fla., 1973).

■ With regard to the exculpatory aspect of the agreement, there is no such clear-cut statement concerning the mention of negligence. Generally, exculpatory clauses which are intended to relieve a party of liability for his own negligence are considered valid and enforceable, but they are not looked upon with favor. *Middleton v. Lomaskin*, 266 So.2d 678 (Fla.App., 1972). Arguably, an expression of intent to exculpate one from his own negligence would require the same specificity in the contract as in the indemnification situation of *University Plaza Shopping Center, Inc. v. Stewart, supra. Dicta* in *Fuentes v. Owen*, 310 So.2d 458 (Fla.App., 1975) might cause such a statement to be questioned as being a principle of Florida law. Therein an agreement containing an exculpatory clause which did not mention negligence was held not to exempt a landlord from liability for his agent's intentional tort. The court did not stop there but, as a gratuitous afterthought, stated that

the exculpatory clause would be effective to bar a count based on negligence. *Id.* at 460. An analysis of *Middleton v. Lomaskin, supra; University Plaza Shopping Center, Inc. v. Stewart, supra*; and *Ivey Plants, Inc. v. FMC Corporation*, 282 So.2d 205 (Fla.App., 1973), does not support the *dicta* in *Fuentes.*

In *University Plaza*, the test of the effect of the wording in the indemnification clause was whether " * * * the parties 'clearly and unequivocally' expressed the intent to indemnify for indemnitee's own negligence." 272 So.2d, at 510. In that case the Supreme Court of Florida held that " * * * the use of the general terms 'indemnify * * * against any and all claims' does not disclose an intention to indemnify for consequences arising solely from the negligence of the indemnitee". *Id.*, at 511.

In *Middleton*, the Third District Court of Appeals of Florida stated, in construing the effect of an exculpatory clause, that " * * * such contracts have been held valid and enforceable in Florida, where such intention was made clear and unequivocal in such contract." 266 So.2d, at 680. The court went on to hold that an exculpatory clause which mentioned negligence clearly and unequivocally exempted a landlord from his own negligence.

The fact that such landlord-tenant agreements which would exculpate a negligent landlord have been declared void and unenforceable by the Florida Residential Landlord and Tenant Act of 1973 does affect the preceding analysis of the cases. See (Section 83.47 Fla. Stat., F.S.A.)

■ Therefore, the exculpatory clause in the agreement involved here will not exempt defendant from liability for injuries to plaintiffs arising, wholly or in part, from the negligence of its agents and employees. Defendant's motions to dismiss and for summary judgment are hereby denied.

■ Material issues of fact concerning negligence exist and bar the granting of summary judgment in favor of plaintiffs.

In the alternative, defendant has moved for a change of venue. Clearly, this civil action might have been brought in the Middle District of Florida, thus satisfying one facet of 28 U.S.C. § 1404(a). However, the other basic issue presented by a motion under such section is whether the convenience of parties and witnesses, in the interest of justice, would be best served by the transfer.

Guidance for the decisional process and an enumeration of the relevant considerations are provided in *Schneider v. Sears*, 265 F.Supp. 257, 263 (S.D.N.Y., 1967):

> "The court's discretion under section 1404(a) is broader than the forum non conveniens doctrine, but the criteria applicable under the statute are substantially those developed under the older doctrine. These include: (1) the convenience to parties; (2) the convenience of witnesses; (3) the relative ease of access to sources of proof; (4) the availability of process to compel attendance of unwilling witnesses; (5) the cost of obtaining willing witnesses; (6) the practical problems indicating where the case can be tried more expeditiously and inexpensively; and (7) the interests of justice, a term broad enough to cover the particular circumstances of each case, which in sum indicate that the administration of justice will be advanced by a transfer." (Footnotes omitted.)

 In evaluation of these considerations, two procedural points must be remembered. First, the burden is on the movant to furnish proof clearly and substantially in favor of the proposed transfer. *City of New York v. General Motors Corporation*, 357 F.Supp. 327 (S.D. N.Y., 1973). Second, the proof must be furnished otherwise than by affidavits which are merely conclusory. *Sinclair Oil Corporation v. Union Oil Co. of California*, 305 F.Supp. 903 (S.D.N.Y., 1969).

In addition, the *Seider v. Roth*, supra, basis of this action—i. e., the obtaining of jurisdiction by attachment of the insurance policy—in effect makes this a direct action against the insurance company. *Minichiello v. Rosenberg*, 410 F.2d 106 (2d Cir., 1968), aff'd en banc 410 F.2d 117 (2d Cir., 1969), cert. den., 396 U.S. 844, 90 S.Ct. 69, 24 L.Ed.2d 94 (1969), reh. den., 396 U.S. 949, 90 S.Ct. 370, 24 L.Ed.2d 254 (1969). Theoretically, the plaintiffs have chosen to limit their possible recovery to the limits and conditions of defendant's insurance policy. In balancing the interests with regard to transfer, this fact significantly supports plaintiffs' choice of forum.

After giving due consideration to the affidavits of defendant's attorney and the facts of this case, this court is of the opinion that the defendant has not made a sufficient showing to overcome the plaintiffs' choice of venue. Defendant's motion for change of venue is hereby also denied.