**John J. SHANNON, Plaintiff,**

v.

**KAISER ALUMINUM AND CHEMICAL CORPORATION, a Delaware Corporation, Defendant-Counter-Claimant, Third-Party Plaintiff-Appellant,**

**Melvin Bros., Spreader Service, Inc., Third-Party Defendant-Appellee.**

No. 84–5267.

**Non-Argument Calendar.**

United States Court of Appeals, Eleventh Circuit.

Jan. 2, 1985.

---

Edmund T. Henry, III, Shutts & Bowen, Miami, Fla., for defendant-appellant.

Harriet Lewis, Carey, Dwyer, Cole, Eckhart, Mason & Spring, P.A., Miami, Fla., for Melvin.

Before TJOFLAT, HILL and ANDERSON, Circuit Judges.

PER CURIAM:

The issue presented in this case is whether defendant/appellant Kaiser Aluminum and Chemical Corporation is entitled to recover attorney's fees and costs of defense from the third-party defendant/appellee Melvin Brothers Spreader Service, Inc. pursuant to a hold harmless agreement, after Kaiser's successful defense of a negligence claim. The district court concluded that Kaiser could not recover these fees because the agreement did not specifically provide for the payment of attorney's fees and costs regardless of the outcome of the litigation. We reverse.

Plaintiff Shannon purchased fertilizer from Kaiser. Kaiser hired Melvin Brothers to spread the fertilizer on Shannon's farm as part of its sale to Shannon. Kaiser's contract with Melvin Brothers contained the following provision:

> [A]pplier [Melvin Brothers] further agrees to hold supplier [Kaiser] harmless from and against all claims and causes of action arising out of applier's transportation and application of goods hereunder, or the use of supplier's equipment.

When Shannon's crop failed to meet his expectations, he sued Kaiser, alleging that the fertilizer had been improperly spread. As this claim arose out of Melvin Brother's application of the fertilizer, Kaiser tendered the defense of the claim to Melvin Brothers, which was refused. Kaiser then successfully defended the lawsuit (the jury determining that the fertilizer had been spread properly), and sued Melvin Brothers for indemnification of the costs of the defense under the provisions of their agreement.

■ Under Florida law, the general rule is that an indemnitee under an indemnification agreement is entitled to recover reasonable attorney's fees and legal costs which he is compelled to pay as a result of suits brought against him relating to matters for which he is entitled to be indemni-

fied. *Brown v. Financial Indemnity Co.*, 366 So.2d 1273, 1274 (Fla.App.1979). This rule is equally applicable whether the indemnitee is successful in his defense of the suit or not. In *Mutual Employees Trademart, Inc. v. Armour Service of Florida, Inc.*, 170 So.2d 64 (Fla.App.1964), Mutual (the licensor) sought indemnification from Armour (the licensee) for costs and expenses in successfully defending a damages claim arising out of personal injuries sustained in a warehouse area from an instrumentality under the control of Armour. The lease agreement between Mutual and Armour provided that:

> Licensee hereby indemnifies and holds harmless Licensor, its officers, agents and employees, from any claim or liability of whatsoever character arising out of or resulting from Licensee's exercise of any rights or privileges hereunder.

*Id.* at 65. The court held that this agreement entitled the licensor (Mutual) to indemnification for its attorney's fees and other expenses in successfully defending the suit. *Id.*

Our present case is governed by *Mutual Employees.* Shannon's suit challenged the application of the fertilizer by Melvin Brothers, to which the hold harmless agreement specifically applies. Although this agreement did not expressly provide for the payment of attorney's fees and costs, neither did the agreement in *Mutual Employees.* Therefore, we hold that Kaiser is entitled to indemnification of its reasonable attorney's fees and costs incurred in defending against Shannon's suit, and we remand to the district court to determine the amount of those fees and costs.

REVERSED and REMANDED.