*Mev*

STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-17-200

JENNIFER and CHRISTOPHER )
WAYWARD, individually and on behalf )
of their minor daughter, TH, )
)
   Plaintiffs )
)
  v. )
)
GET AIR PORTLAND ME, LLC, )
)
   Defendant. )

ORDER ON DEFENDANT'S
MOTION TO DISMISS

STATE OF MAINE
Cumberland ss. Clerk's Office

NOV 20 2017 8:55AM

RECEIVED

Before the Court is Defendant's motion to dismiss. Defendant moves to dismiss pursuant to Maine Rule of Civil Procedure 12(b)(6), arguing that Plaintiffs' claim is barred by a Waiver, Release, Assumption of Risk, and Indemnity Agreement ("Waiver") signed by Plaintiff Christopher Hayward on his behalf and on behalf of his minor daughter, Plaintiff TH. Alternatively, Defendant moves to dismiss and to compel mediation pursuant to the Waiver. A hearing was held on September 6, 2017. For the following reasons, Defendant's motion is granted.

I. Background

The facts as alleged in Plaintiffs' complaint are as follows. On November 1, 2014, TH was celebrating her twelfth birthday at Defendant's Portland location. TH bounced off a trampoline and landed on an area of matting that concealed a steel beam or pipe. As a result of her fall, TH suffered a broken ankle. On May 15, 2017, Plaintiffs filed this lawsuit for damages incurred in connection with TH's injury.

II. Discussion

Plaintiffs–Kenneth Pierce, Esq.
Defendant–Leonard Langer, Esq.

Plaintiffs concede that guests of Defendant must sign a waiver absolving Defendant of any damages related to the inherent risk of jumping on a trampoline; however, Plaintiffs argue the danger that caused TH's injury does not fall within the scope of the waiver. Attached to Defendant's motion is a copy of the Waiver signed by Plaintiff Chris Hayward on October 28, 2014. (Def.'s Exhibit A.) Defendant argues that under the Waiver, Participants release Defendant from liability for claims arising out of the use of the Trampoline Park, assume the risk of injury arising out of such use, and covenant not to sue Defendant as the result of any claims or causes of action that arise out of such use. Further, Defendants contend the Waiver requires that any claim that may arise must be submitted to mediation and, if mediation is unsuccessful, to binding arbitration. Per its terms, the Waiver is governed by the laws of California, and any mediation and arbitration must occur in California.

The Court finds the Mediation and Arbitration clause is dispositive of this motion. Even if Plaintiffs have stated a claim upon which relief may be granted, they have failed to demonstrate why the covenant not to sue, combined with the Mediation and Arbitration clause, does not require the Court to dismiss this claim and refer the parties to mediation and, if necessary, arbitration as described by the Waiver. Plaintiffs' only argument to this point is that, because a parent may not release a minor child's cause of action under *Doyle v. Bowdoin Coll.*, 403 A.2d 1206 (Me. 1979), then the Mediation and Arbitration clause is likewise invalid. *Doyle* does not stand for that proposition, and Defendants' citation to cases from other jurisdictions – most particularly *Global Travel Mktg., Inc. v. Shea*, 908 So.2d 392 (Fla. 2005) – is persuasive. The *Shea* Court reasoned that an agreement to arbitrate or mediate does not extinguish a minor's substantive claim, but rather merely selects the forum for resolution of the claim. *See id.* at 403. Absent any meaningful argument from Plaintiffs as to why this clause is invalid, the Court finds the Mediation and

Arbitration clause is valid and enforceable. Thus, this claim must be dismissed. Per the Waiver, Plaintiffs may exclusively attempt to resolve their claim in mediation and, if necessary, arbitration.

Nonetheless, one aspect of the Mediation and Arbitration clause gives the Court pause. The Court finds the clause is unconscionable to the extent it requires mediation and arbitration to take place in California. "Substantive unconscionability or unfairness focuses on the terms of the agreement and whether those terms are so one-sided as to shock the conscience." *Barrett v. McDonald Invs., Inc.*, 2005 ME 43, ¶ 36, 870 A.2d 146 (Alexander, J., concurring) (internal quotes and citations omitted). The Court finds it would be entirely unfair to require a family of Maine residents to travel to California to mediate and arbitrate a claim for an injury that occurred in Maine at Defendant's Portland, Maine location. The travel expense alone would likely be prohibitive of Plaintiffs' pursuit of their claim. Thus, while upholding the enforceability of the remainder of the Mediation and Arbitration clause, the Court finds the provision requiring mediation and arbitration to take place in California to be invalid and unenforceable. *See* Restatement (Second) of Contracts § 208 (1981) ("If a contract or term thereof is unconscionable at the time the contract is made a court may … enforce the remainder of the contract without the unconscionable term….").

IV. Conclusion

Subject to the aforementioned finding of unconscionability and invalidity in the Mediation and Arbitration Clause of the Waiver, for the foregoing reasons, Defendant's Motion to Dismiss is GRANTED. The Clerk is directed to incorporate this Order into the docket by reference pursuant to Maine Rule of Civil Procedure 79(a).

Dated: 11/17/17

Lance E. Walker, Justice
Maine Superior Court