375 So.2d 892 (1979)
John Mark SNIFFEN, Appellant,
v.
CENTURY NATIONAL BANK OF BROWARD, a National Banking Corporation, Appellee.
No. 78-1422.
District Court of Appeal of Florida, Fourth District.
October 17, 1979.
*893 Charles T. Whitelock of Feinstein & Whitelock, Fort Lauderdale, for appellant.
John R. Hargrove of McCune, Hiaasen, Crum, Ferris & Gardner, P.A., Fort Lauderdale, for appellee.
ALAN R. SCHWARTZ, Associate Judge.
When the appellant Sniffen rented a safety deposit box from the Century National Bank of Broward, he executed a "contract" which provided in part:
1. It is expressly understood ... that in making this lease the Bank does not assume the relation and duty of bailee and shall not be liable for loss or damage to, the contents of said box, caused by burglary, fire or any cause whatsoever, but that the entire risk of such loss or damage is assumed by the lessee.
* * * * * *
3. No person other than the renter or approved deputy named in the books of Bank ... shall have access to the safe ...
According to a complaint filed by Sniffen against the bank, it negligently breached paragraph 3 of the agreement by permitting an unauthorized person, his ex-wife,[1] to have access to his safety deposit box, with the resulting loss of over $250,000 in bearer bonds and other valuables which had been placed there. The trial judge dismissed the complaint with prejudice on the ground that the exculpatory provisions of paragraph 1 barred the action. We disagree and reverse.
Whatever the possible effect of the exculpatory clause in other situations in which it may well be validly applied, see Advance Service, Inc. v. General Telephone Company of Florida, 187 So.2d 660 (Fla. 2d DCA 1966), it is clear that it cannot be employed, as it was below, to negate the specific contractual undertaking to restrict access to the vault. This court's decision in Ivey Plants, Inc. v. FMC Corp., 282 So.2d 205 (Fla. 4th DCA 1973), cert. denied, 289 So.2d 731 (Fla. 1974) is controlling. At 282 So.2d 208, we held:
Plaintiffs alleged that under the terms of the lease agreement defendant was required to maintain and service the equipment in question. If plaintiffs can prove a breach of this contractual obligation, the provisions of paragraph 16 [the exculpatory clause] should not act as a bar to the maintenance of a breach of contract action. If such was the case then the contract would be lacking both in mutuality of obligation and mutuality of remedy, rendering it unenforceable. Insofar as plaintiffs' action is predicated upon breach of contract the language of paragraph 16 does not operate to exculpate or exonerate defendant from performing under the terms of the lease agreement nor would indemnification bar such action between the parties.
See also Orkin Exterminating Co., Inc. v. Montagano, 359 So.2d 512 (Fla. 4th DCA 1978). Since the complaint, although framed in two separate counts alleging breach of contract and negligence respectively, was entirely bottomed upon the violation of the duty imposed on the bank by paragraph 3 of the agreement,[2] the Ivey Plants case alone requires reversal.
It should be emphasized that, as the court noted in Ivey Plants, an acceptance of the bank's position in this case would render the *894 agreement between the parties entirely nugatory. If a safety deposit customer cannot enforce the bank's undertaking to preclude unauthorized persons from entry to his box  which is the very heart of the relationship and the only real reason that such a facility is used at all, see 5 Fla.Jur.2d, Banks and Banking, § 139 (1978)  it is obvious that he will have received nothing whatever in return for his rental fee. The authorities are unanimous in indicating that no such drastic effect may properly be attributed to contractual provisions such as those involved here. See McDonald v. Wm. D. Perkins & Co., 133 Wash. 622, 234 P. 456 (1925); Cussen v. Southern California Savings Bank, 133 Cal. 534, 65 P. 1099 (1901); cases collected in Annots., 40 A.L.R. 874, 884-885 (1926), 42 A.L.R. 1304, 1305 (1926), 133 A.L.R. 279, 298 (1941); 10 Am.Jur.2d Banks and Banking § 478 (1963).
For these reasons, the judgment under review is reversed and the cause remanded with directions to deny the motion to dismiss the complaint and for further proceedings consistent herewith.
Reversed and remanded.
BERANEK, J., and DAUKSCH, JAMES C., Jr., Associate Judge, concur.
NOTES
[1] See Sniffen v. Sniffen, 352 So.2d 113 (Fla. 4th DCA 1977).
[2] For this reason, it is unnecessary to discuss separately the question of whether the exculpatory clause is sufficiently "clear and unequivocal" to preclude recovery for the bank's own negligence. See Orkin Exterminating Co. v. Montagano, supra; Middleton v. Lomaskin, 266 So.2d 678 (Fla. 3d DCA 1972); cf. Charles Poe Masonry, Inc. v. Spring Lock Scaffolding Rental Equipment Co., 374 So.2d 487 (Fla. 1979).