384 So.2d 947 (1980)
L. LURIA & SON, INC., for the Use and Benefit of Fireman's FUND INSURANCE COMPANY, a Foreign Corporation Authorized to Do Business in the State of Florida, and L. Luria & Son, Inc., Individually, Appellants,
v.
ALARMTEC INTERNATIONAL CORPORATION, a/K/a Honeywell Protection Services, a Florida Corporation, Appellee.
No. 78-1436.
District Court of Appeal of Florida, Fourth District.
June 18, 1980.
Joe N. Unger, Miami, and Pomeroy, Betts & Wiederhold, Fort Lauderdale, for appellants.
Richard A. Sherman of Wicker, Smith, Blomqvist, Davant, McMath, Tutan & O'Hara, Miami, and Thomas D. Lardin of Weaver & Weaver, P.A., Fort Lauderdale, for appellee.
MOORE, Judge.
The appellant, as plaintiff in the trial court, appeals an order dismissing its complaint with prejudice.
Appellants contracted with appellee, Alarmtec International Corporation, for the latter to install and maintain an electric protective service against burglary. In September 1974, during the contract period, appellant's business premises were burglarized, resulting in a loss valued in excess of $135,000. The present suit sought damages on several theories: breach of contract, breach of implied warranties and negligence. It also sought recovery of punitive damages for gross, wanton and willful negligence.
The contract between the parties contained what has apparently become the usual exculpatory clause in burglar alarm contracts as follows:
7. It is agreed that Company is not an insurer and that the payments hereinbefore named are based solely upon the value of the services herein described and it is not the intention of the parties that Company assume responsibility for any loss occasioned by malfeasance or misfeasance *948 in the performance of the services under this contract or for any loss or damage sustained through burglary, theft, robbery, fire or other cause or any liability on the part of Company by virtue of this Agreement or because of the relation hereby established. If there shall, notwithstanding the above provisions, at any time be or arise any liability on the part of Company by virtue of this Agreement or because of the relation hereby established, whether due to the negligence of Company or otherwise, such liability is and shall be limited to a sum equal to the rental service charge hereunder for a period of service not to exceed six months, which sum shall be paid and received as liquidated damages. Such liability as herein set forth is fixed as liquidated damages and not as a penalty and this liability shall be complete and exclusive. That in the event Subscriber desires Company to assume greater liability for the performance of its services hereunder, a choice is hereby given of obtaining full or limited liability by paying an additional amount under a graduated scale of rates proportioned to the responsibility, and an additional rider shall be attached to this Agreement setting forth the additional liability of Company and additional charge. That the rider and additional obligation shall in no way be interpreted to hold Company as an insurer.
The appellant made no request to amend its complaint and the trial court dismissed the complaint with prejudice, relying on the exculpatory clause. The court found that the above clause totally excluded liability on appellee's part for losses due to burglary or, alternatively, limited appellee's liability to six months rental. We affirm.
Although the eight count complaint in this case is based on several theories it is grounded on appellee's negligent failure to perform its contractual duties. Exculpatory contracts which relieve a party of liability for his own negligence are generally looked upon with disfavor. Orkin Exterminating Co. v. Montagano, 359 So.2d 512 (Fla. 4th DCA 1978); Kinkaid v. Avis Rent-A-Car Systems, Inc., 281 So.2d 223 (Fla. 4th DCA 1973) (dissenting opinion). Such clauses have been upheld, however, as valid and enforceable where the intention is made clear and unequivocal. Middleton v. Lomaskin, 266 So.2d 678 (Fla. 3d DCA 1972).
We find the aforecited clause to be clear and unequivocal in totally absolving the appellee from liability under the facts alleged in this complaint. The trial court was therefore correct in dismissing the complaint. In view of this holding it is not necessary to reach the second issue regarding limiting appellee's liability to six months rental payments. Nevertheless, for the benefit of the bar, we adopt the holding in Central Alarm of Tucson v. Ganen, 116 Ariz. 74, 567 P.2d 1203 (1977) and would so limit the liability if we were called upon to do so.
AFFIRMED.
ANSTEAD, J., and TENDRICH, MOIE J.L., Associate Judge, concur.