416 So.2d 8 (1982)
ACE FORMAL WEAR, INC., Appellant,
v.
BAKER PROTECTIVE SERVICE, INC., a Delaware Corporation, Appellee.
No. 81-1017.
District Court of Appeal of Florida, Third District.
June 8, 1982.
Rehearing Denied July 23, 1982.
Levine, Reckson, Reed & Geiger and Mark A. Marder, Miami, for appellant.
Ligman, Martin, Shiley & McGee, Coral Gables, Jeanne Heyward, Miami, for appellee.
Before BARKDULL, BASKIN and JORGENSON, JJ.
BARKDULL, Judge.
Ace Formal Wear entered into a contract with Wells Fargo Alarm Service, a division of Baker, for the installation of an alarm *9 system. After the system had been installed, the store was burglarized by persons who gained access through a rear window which had not been wired even though the wiring of that window was required by the contract.
Ace sued Baker, claiming breach of contract and negligence. Baker answered and asserted the following exculpatory or limitation clause in the contract:
D. It is understood that Wells Fargo is not an insurer; that insurance shall be obtained by Subscriber, if any is desired; that the sums payable hereunder to Wells Fargo by Subscriber are based upon the value of services offered and the scope of liability undertaken and such sums are not related to the value of property belonging to Subscriber or to others located on Subscriber's premises. Subscriber does not seek indemnity by this agreement from Wells Fargo against any damages or losses caused by hazards to Subscriber's property. Wells Fargo makes no warranty, expressed or implied, that the systems it installs or the services it furnishes will avert or prevent occurrences, or the consequences therefrom, which the systems and services are designed to detect. Subscriber agrees that Wells Fargo shall not be liable for any of Subscriber's losses or damages, irrespective of origin, to person or to property, whether directly or indirectly caused by performance or nonperformance of obligations imposed by this contract or by negligent acts or omissions of Wells Fargo, its agents or employees. The Subscriber does hereby waive and release any rights of recovery against Wells Fargo that it may have hereunder. It is agreed that if Wells Fargo should be found liable for any losses or damages attributable to a failure of systems or services in any respect, its liability shall not exceed the sum of $50.00 and Subscriber's sole remedy at law or in equity shall be the right to recover a sum within such limit.
The trial court granted a summary judgment in favor of Baker upon the authority of L. Luria & Sons, Inc. v. Alarmtec International Corporation, 384 So.2d 947 (Fla. 4th DCA 1980). We affirm.
The parties were at liberty to contract as they pleased. The agreement in the instant case clearly indicated that Baker was not to be the insurer; that Ace had the responsibility of securing burglary insurance; that Baker was merely installing equipment for a nominal amount of money, and they assumed no liability above the figure set in the contract of $50.00.
Similar contracts have been upheld in other jurisdictions, Foont-Freedenfeld Corp. v. Electro-Protective Corp., 126 N.J. Super. 254, 314 A.2d 69 (1973); Florence v. Merchants Central Alarm Co., 73 A.D.2d 869, 423 N.Y.S.2d 663 (1980); Schepps v. American District Telegraph Co. of Texas, 286 S.W.2d 684 (Tex.Civ.App. 1955); Vallance & Co. v. DeAnda, 595 S.W.2d 587 (Tex.Civ. App. 1980). See also Central Alarm of Tucson v. Ganem, 116 Ariz. 74, 567 P.2d 1203 (1977), which was expressly relied upon in the Luria opinion, supra.
Counsel for the appellant has attempted to argue unconscionability in this court, but the record fails to disclose that an issue as to unconscionability was ever made in the trial court. Moore Meats, Inc. v. Strawn, 313 So.2d 660 (Fla. 1975); Gulf Life Ins. Co. v. Ferguson, 59 So.2d 371 (Fla. 1952); Fla.R. Civ.P. 1.100(a).
We also find the safety deposit box cases, which are single purpose contracts, not to be applicable in the instant case, Sniffen v. Century National Bank of Broward, 375 So.2d 892 (Fla. 4th DCA 1979), or that the theory behind these cases was properly made an issue by the pleadings.
Therefore, for the reasons stated, the final summary judgment under review be and the same is hereby affirmed.[1]
NOTES
[1] No error has been preserved as to whether or not the trial court should have awarded the appellant at least $50.00 and we do not address this issue.