422 So.2d 35 (1982)
CONTINENTAL VIDEO CORPORATION, a Florida Corporation, Appellant,
v.
HONEYWELL, INC., a Foreign Corporation, D/B/a Honeywell Protection Services, Appellee.
No. 81-1978.
District Court of Appeal of Florida, Third District.
October 12, 1982.
Rehearing Denied December 8, 1982.
*36 Floyd, Pearson, Stewart, Richman, Greer & Weil and Bruce A. Christensen and Charles E. Buker, III and Larry S. Stewart, Miami, for appellant.
Preddy, Kutner & Hardy and G. William Bissett, Miami, for appellee.
Before BARKDULL, SCHWARTZ and JORGENSON, JJ.
BARKDULL, Judge.
Continental Video Corp. entered into a contract with Honeywell, Inc., for installation of a Central Station Burglar Alarm for a total cost of $815. The contract contained the following exculpatory clause,
"It is understood and agreed by the parties hereto that Contractor is not an insurer and that insurance, if any, covering personal injury and property loss or damage on Subscriber's premises shall be obtained by the Subscriber; that the Contractor is being paid for the installation and maintenance of a system designed to reduce certain risks of loss and that the amounts being charged by the Contractor are not sufficient to guarantee that no loss will occur; that the Contractor is not assuming responsibility for any losses which may occur even if due to Contractor's negligent performance or failure to perform any obligation under this Agreement. THE CONTRACTOR DOES NOT MAKE ANY REPRESENTATION OR WARRANTY, INCLUDING ANY IMPLIED WARRANTY OF MERCHANTABILITY OR FITNESS, THAT THE SYSTEM OR SERVICE SUPPLIED MAY NOT BE COMPROMISED, OR THAT THE SYSTEM OR SERVICES WILL IN ALL CASES PROVIDE THE PROTECTION FOR WHICH IT IS INTENDED. Since it is impractical and extremely difficult to fix actual damages which may arise due to the faulty operation of the system or failure of services provided, if, notwithstanding the above provisions, there should arise any liability on the part of the Contractor, such liability shall be limited to an amount equal to one-half the annual service charge provided herein or $250. whichever is greater. This sum shall be complete and exclusive and shall be paid and received as liquidated damages and not as a penalty. In the event that the Subscriber wishes to increase the maximum amount of such liquidated damages, Subscriber may, as a matter of right, obtain from Contractor higher limits of liquidated damages. Subscriber agrees to and shall indemnify and save harmless the Contractor, its employees and agents, for and against all third party claims, lawsuits, and losses alleged to be caused by the improper operation of the system, whether due to defects in the system or acts or omissions of the Contractor in receiving and responding to alarm signals." (Emphasis added).
*37 A monitoring service was available for a modest charge, plus a telephone charge, billed directly to the customer.[1] Continental elected to have this service from Honeywell. Upon activation of the alarm a signal was to be sent to one of Honeywell's central monitoring stations and that upon receipt of the alarm Honeywell was to transmit the alarm to the police and notify Continental Video's representative by phone. Burglars broke into Continental's store and tripped the alarm. Honeywell allegedly did not notify the police or Continental's agent upon receipt of the alarm. As a result of the loss incurred Continental filed the instant complaint alleging breach of contract; negligence; and gross negligence on the part of Honeywell. The complaint also attacked the exculpatory clause of the contract as being invalid, void and unenforceable because it was a contract of adhesion due to the inequality of bargaining powers of the parties and that the contract is against public policy. Honeywell moved to dismiss the complaint on the grounds that: (1) it fails to state a cause of action; (2) the exculpatory clause in the contract relieves Honeywell of any and all liability; and (3) any liability incurred by Honeywell is limited by the liquidation of damages clause.
The trial court entered an order dismissing the cause with prejudice finding that both the exculpatory and liquidated damage clauses were valid and enforceable.
We find no merit in the argument of the inequity of bargaining. First Financial Insurance Co. v. Purolator Security, Inc., 69 Ill. App.3d 413, 26 Ill.Dec. 393, 388 N.E.2d 17 (1979); Lazy Bug Shops, Inc., v. American District Telegraph Co., 374 So.2d 183 (La. Ct. App. 1979); Abel Holding Co., Inc. v. American District Telegraph Company, 138 N.J. Super. 137, 350 A.2d 292 (1975). We do not find that the contract was against public policy. Central Alarm of Tucson v. Ganem, 116 Ariz. 74, 567 P.2d 1203 (1977); First Financial Insurance Co., v. Purolator Security, Inc., supra; Pick Fisheries, Inc. v. Burns Electronic Security Services, Inc., 35 Ill. App.3d 467, 342 N.E.2d 105 (1976); Abel Holding Co., Inc., v. American District Telegraph Company, supra.
We affirm based upon the reasoning found in Ace Formal Wear, Inc. v. Baker, 416 So.2d 8 (Fla. 3d DCA 1982); citing with approval L. Luria & Sons, Inc. v. Alarm Tec International Corporation, 384 So.2d 947 (Fla. 4th DCA 1980) relied on by the trial court in its order of dismissal.
Affirmed.
SCHWARTZ, Judge (specially concurring).
In setting forth my separate views concerning this case, I think it important to supplement the majority's discussion of the operative facts. In addition to receiving the initial charge for installing the burglar alarm system, Honeywell specifically and unconditionally agreed  in return for a monthly fee paid by Continental Video 
... [to] make every reasonable effort to transmit the alarm promptly to the headquarters of the police; and [Honeywell] shall make a reasonable effort to notify [Continental Video] or his designated representative by telephone... .
The plaintiff doubtlessly alleged a direct violation of this undertaking. The amended complaint states that although, upon entering the premises, the burglars tripped the alarm, it continued to ring in Honeywell's monitoring room and was blithely ignored by its employees for the several hours required to complete the crime; in fact, the alarm was still sounding unheeded when the police discovered the break-in the next morning and informed both Continental and Honeywell themselves.
Were the issue an open one in this court, I would not hold, as I take it the court does,[1] that the exculpatory clause bars the *38 action as a matter of law. I believe, in accordance with the directly conflicting holdings in Ivey Plants, Inc. v. FMC Corp., 282 So.2d 205 (Fla. 4th DCA 1973), cert. denied, 289 So.2d 731 (Fla. 1974) and Sniffen v. Century National Bank of Broward, 375 So.2d 892 (Fla. 4th DCA 1979) that such a clause is unenforceable when, as here, the breach of a specific contractual obligation is involved; to hold otherwise is to render the agreement itself nugatory and meaningless. Only because, however, this court has very recently held to the complete opposite in the indistinguishable case of Ace Formal Wear, Inc. v. Baker, 416 So.2d 8 (Fla. 3d DCA 1982), I concur without enthusiasm in the decision to affirm.[2]
NOTES
[1] Continental was free to have the alarm monitored by anyone it selected by the payment of the telephone charge.
[1] There is no question that the validity of the limitation of damages provision could not properly have been resolved on a motion to dismiss the complaint. Nicholas v. Miami Burglar Alarm Co., 266 So.2d 64 (Fla. 3d DCA 1972); see, Nicholas v. Miami Burglar Alarm Co., 339 So.2d 175 (Fla. 1976).
[2] I have taken similar positions in specially concurring opinions in Diners Club, Inc. v. Brachvogel, 370 So.2d 443 (Fla. 3d DCA 1979), cert. discharged, 395 So.2d 1156 (Fla. 1980); Valenstein v. Doctors Hospital, 372 So.2d 1169 (Fla. 3d DCA 1979); Norton v. South Miami Hospital Foundation, Inc., 375 So.2d 42 (Fla. 3d DCA 1979); and Schoenbrod v. O'Neill, 375 So.2d 42 (Fla. 3d DCA 1979), cert. denied, 383 So.2d 1201 (Fla. 1980).