427 So.2d 332 (1983)
MANKAP ENTERPRISES, INC., Appellant,
v.
WELLS FARGO ALARM SERVICES, A DIVISION OF BAKER PROTECTIVE SERVICES, INC., a Foreign Corporation, Appellee.
No. 81-2549.
District Court of Appeal of Florida, Third District.
March 1, 1983.
*333 Preddy, Kutner & Hardy, Kreeger & Kreeger, and Julian Kreeger, Miami, for appellant.
Ligman, Martin, Shiley & McGee, Jeanne Heyward, Miami, for appellee.
Before HUBBART, DANIEL S. PEARSON and FERGUSON, JJ.
FERGUSON, Judge.
Appellant filed a three-count complaint seeking to recover damages for loss resulting from failure of a burglar alarm system. The first count was based on intentional misrepresentation as to a particular feature or capability of the system; count two was based on negligence; the third count alleged unconscionability of an exculpatory clause in the contract. After filing an answer generally denying the complaint, appellee, relying on a line of recently decided cases, moved for and was granted a summary judgment. Appellant's affidavit,[1] filed in opposition to the motion, was uncontroverted.
We affirm the summary judgment[2] as to count two on authority of L. Luria & Sons, Inc. v. Alarmtec International Corp., 384 So.2d 947 (Fla. 4th DCA 1980) and Ace Formal Wear, Inc. v. Baker Protective Service, 416 So.2d 8 (Fla. 3d DCA 1982) which hold that although exculpatory contracts which relieve a party of liability for his own negligence are generally looked upon with disfavor, they will be upheld where the intention (of one who installs burglar alarm systems) is clear and unequivocal.[3]
We also affirm the summary judgment as to count three on authority of Continental Video Corp. v. Honeywell, Inc., 422 So.2d 35 (Fla. 3d DCA 1982),[4] which holds that an exculpatory clause of a contract for installation of burglar alarms which provides that installer would be held harmless for losses caused by improper operation of the system was not invalid and unenforceable on grounds of inequity in bargaining positions between the parties.
As to count one, we reverse. The authorities cited in appellee's brief, and apparently relied upon by the trial court, are not controlling. None of the cited burglar alarm cases dealt with intentional misrepresentation on the part of the seller. The law *334 is settled that a party cannot contract against liability for his own fraud in order to exempt him from liability for an intentional tort, and any such exculpatory clauses are void as against public policy. Oceanic Villas v. Godson, 148 Fla. 454, 4 So.2d 689 (1941); Zuckerman-Vernon Corp. v. Rosen, 361 So.2d 804 (Fla. 4th DCA 1978); Fuentes v. Owen, 310 So.2d 458 (Fla. 3d DCA 1975).
Because there are material issues of fact on the issue of misrepresentation, summary judgment was inappropriate.
Affirmed in part, reversed in part, and remanded for further proceedings.
NOTES
[1] The affidavit, containing declarations of appellant's president, stated that appellant was assured by Wells Fargo that the installed security system would meet the Underwriter's Laboratory AA requirements and standards, a grade designed specifically for premises which require a higher degree of security (banks, jewelry stores). Attached thereto was a copy of two Underwriter's Laboratory Certificates issued to appellant by Wells Fargo.
[2] The order appealed from merely states that appellee's motion for summary judgment is granted.
[3] The clause provided in pertinent part:

It is understood that Wells Fargo is not an insurer.... Wells Fargo makes no warranty, expressed or implied, that the systems it installs or the services it furnishes will avert or prevent occurrences therefrom, which the systems and services are designed to detect... . The subscriber does hereby waive and release any rights of recovery against Wells Fargo that it may have hereunder... . It is agreed that if Wells Fargo should be liable for any losses or damages ... its liability shall be limited to a sum equal to ten percent of the annual charge hereunder, or $250.00, whichever is greater.
[4] Continental Video Corp. v. Honeywell, Inc., supra, as noted by Judge Schwartz in an unenthusiastic concurring opinion, is in direct conflict with two Fourth District cases  Ivey Plants, Inc. v. FMC Corp., 282 So.2d 205 (Fla. 4th DCA 1973), cert. denied, 289 So.2d 731 (Fla. 1974), and Sniffen v. Century National Bank of Broward, 375 So.2d 892 (Fla. 4th DCA 1979).