436 So.2d 227 (1983)
FEDERAL DEPOSIT INSURANCE CORPORATION, Appellant/Cross-Appellee,
v.
Robert R. CARRÉ, Appellee/Cross-Appellant.
No. 82-567.
District Court of Appeal of Florida, Second District.
July 1, 1983.
Rehearing Denied August 2, 1983.
*228 Albritton, Sessums & McCall, and Chris W. Altenbernd of Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Tampa, for appellant/cross-appellee.
Kenneth E. Apgar of Butler & Apgar, P.A., Tampa, for appellee/cross-appellant.
LEHAN, Judge.
The Federal Deposit Insurance Corporation (substituted for Metropolitan Bank & Trust Company) appeals a final judgment entered on a jury verdict finding Metropolitan negligent in allowing certain articles to be removed from Robert Carre's safe deposit box at the bank. We reverse.
In 1978 Mr. Carre leased a safe deposit box from Metropolitan Bank. He signed the bank's "Safe Deposit Agreement" which, in addition to serving as a signature card, contained the provisions of the leasing contract. Paragraph 7 of the agreement contained the following language:
Bank shall not be liable for the loss or disappearance of the contents of any safe deposit box or any part thereof, unless such loss or disappearance occurs by reason of gross negligence, fraud or bad faith on its part.
According to Mr. Carre's testimony, on the same day that he rented the box, he placed a number of valuable objects in the box, such as gold coins, diamonds, and other jewelry.
Several months later, Mr. Carre's wife went to the bank and tried to get access to the box. A bank employee told Mrs. Carre that, although she had a key to the box, she would not be allowed access because her signature was not on the signature card. The employee then gave Mrs. Carre a blank *229 signature card and told her to sign it and have her signature notarized and to have Mr. Carre also sign it. According to the bank's rules, a blank signature card should have been given only to the boxholder, in this instance Mr. Carre, who should have been required to sign the card before he left the bank.
Mrs. Carre returned to the bank on another day with the signature card containing what purported to be the signatures of Mr. and Mrs. Carre and a notary acknowledgement. Apparently, however, Mr. Carre's signature had been forged. But the bank employee compared Mr. Carre's signature on the new card with his signature on the previous card and did not detect any difference. Mrs. Carre was then allowed access to the safe deposit box.
Mr. Carre later filed suit for negligence and breach of contract against Metropolitan (and also against Mrs. Carre and the notary public, who are not parties to this appeal), alleging that each was responsible for the loss of certain valuables from his safe deposit box. He claimed that Mrs. Carre had removed the property from the box and that Metropolitan had breached the duties owed to him concerning the lease of the box.
The bank's answer denied liability and raised a defense that its liability was contractually limited, under the paragraph of the lease agreement quoted above, to situations in which the bank's acts constituted either gross negligence, fraud or bad faith. The trial court struck this defense. The jury was instructed that any negligence by the bank in allowing unauthorized access to the safe deposit would also be a breach of the safe deposit agreement. The jury found that Metropolitan had been negligent, and the trial court entered judgment against the bank for $480,000. This appeal followed.
Appellant's first point on appeal is that the trial court erred in striking the bank's foregoing defense and in not limiting Mr. Carre to allegations and proof of a breach of the limited duties specified in the safe deposit agreement. Mr. Carre argues that the trial court ruled correctly because exculpatory clauses such as the one in this case are invalid, citing Sniffen v. Century National Bank of Broward, 375 So.2d 892 (Fla. 4th DCA 1979). Appellant replies that the Sniffen case is distinguishable because the agreement there, unlike the one in the instant case, contained a full exculpatory clause. We agree with appellant.
In Sniffen the safe deposit box contract provided that the bank "shall not be liable for loss or damage to the contents of said box, caused by burglary, fire or any cause whatsoever, but that the entire risk of such loss or damage is assumed by the lessee." Id. at 893. The court held that to give effect to such an exculpatory clause would make the agreement between the parties nugatory because the reason for renting a safe deposit box is to prevent access to the box by unauthorized persons and unless the customer can enforce the bank's undertaking to preclude such access, the customer will have received no consideration for the fee paid.
The Sniffen case is not only distinguishable from the instant case, but also principles referred to therein support a finding of an enforceable contract in the case before us. For example, 10 Am.Jur.2d Banks § 478 (1963), cited in Sniffen, contains general support for the proposition that a bank may limit its liability by such a contractual provision so long as the provision does not exempt the bank from liability and thereby permit the bank to abdicate any responsibility. Although the foregoing lease provision in this case limited Metropolitan's obligations, it did not purport, as in Sniffen, to totally abdicate any obligations. Aside from its obligation under the contract to provide the box for one year and make it available to its customer, Metropolitan had obligations for loss due to gross negligence, fraud or bad faith.
Whether or not a customer is wise to enter into an agreement such as the one in this case, we cannot find that the agreement was against public policy. While it is true that this court in John's Pass Seafood *230 Co. v. Weber, 369 So.2d 616 (Fla. 2d DCA 1979), held invalid a clause in a boat slip lease which exculpated the lessor from negligence, the negligence in that case was a violation of a city fire safety ordinance, and the clause was found to be against public policy. In this case, no violation of an ordinance or statute is alleged. Chapter 661, Florida Statutes (1981), which regulates safe deposit boxes, contains no prohibition against a partial exculpatory clause such as the contractual provision here. We recognize the principles that exculpatory clauses relieving a party of his own negligence are not favored and that they are unenforceable unless they are clear and unequivocal. Orkin Exterminating Co., Inc. v. Montagano, 359 So.2d 512 (Fla. 4th DCA 1978). But we cannot find that the safe deposit agreement was not clear and unequivocal. The agreement is in very fine print. However, the print is readable, and the language is not unclear, equivocal and confusing as was the language in Orkin.
As its second point, appellant contends that the trial court erred in refusing to admit into evidence testimony that Mr. Carre had not attended Loyola University after Mr. Carre testified that he had. Appellant contends that this evidence was relevant to issues in the case and should properly have been admitted to impeach Mr. Carre pursuant to section 90.608(1)(e), Florida Statutes (1981). Mr. Carre argues that, whether or not the evidence had impeachment value, it was not relevant. We find that the evidence should have been admitted, and failure to do so was error. The credibility of Mr. Carre was extremely important because he was the only witness to identify the amount of property in the box, and his testimony in this regard was disputed by Mrs. Carre's testimony. Also, the evidence was relevant, however tangentially, in that Mr. Carre's level of education had some bearing on the amount of salary he could be expected to have been earning at the time he said he purchased the diamonds and other valuables and thus on the issue of whether he did in fact own such valuables.
We find without merit appellant's final contention that the trial court erred in excluding evidence that Mr. Carre had not obtained a contempt order in the divorce proceedings between him and Mrs. Carre requiring Mrs. Carre to return the property that she had allegedly taken from the safe deposit box. The final judgment in the divorce proceeding indicates that the matter of the return of the property was dealt with to the extent that Mrs. Carre was ordered to return the property to Mr. Carre if it ever came back into her possession. The court in the divorce proceeding otherwise deferred the matter of damages for the loss of the property to the instant case.
Finally, Mr. Carre cross-appeals the trial court's denial of his motion to assess prejudgment interest. Although under our disposition of this case, this point on cross-appeal becomes moot, we will address it. We would affirm the trial court and would adhere to the principle that prejudgment interest is not allowable on unliquidated damages; damages are unliquidated "when the amount of damages cannot be computed except on conflicting evidence, inferences and interpretations." Town of Longboat Key v. Carl E. Widell & Son, 362 So.2d 719, 723 (Fla. 2d DCA 1978). See also Broward County v. Settler, 400 So.2d 1031 (Fla. 4th DCA 1981); Alarm Systems of Florida v. Singer, 380 So.2d 1162 (Fla. 3d DCA 1980). But see Bergen Brunswig Corp. v. Florida Department of Health & Rehabilitative Services, 415 So.2d 765 (Fla. 1st DCA 1982), which espouses a test which defines liquidated damages as those fixed by a verdict as of a prior date. Although there are thought-provoking arguments for the Bergen test, on balance we favor adhering to the settled test of Longboat Key.
REVERSED AND REMANDED FOR A NEW TRIAL.
BOARDMAN, A.C.J., and DANAHY, J., concur.