SCHWARTZ, Chief Judge
(specially concurring).
Following the course I have taken in Continental Video Corp. v. Honeywell, Inc., 422 So.2d 35 (Fla. 3d DCA 1982) (Schwartz, J., specially concurring), and cases cited at n. 2,1 concur in the consideration of this cause on petition for certiorari only because of the existence of State v. Steinbrecher, 409 So.2d 510 (Fla. 3d DCA 1982), about which I have already expressed my doubts, see State v. C.C. (Fla. 3d DCA Case no. 81-2564, et al., opinion filed September 27, 1983) (en banc) (Schwartz, C.J., specially concurring), and which — were I free to do so — I would, at the least, very critically reconsider.[1]
On the merits, I agree completely that the order below was incorrect.

. Among other things, it seems clear to me that the prerequisite for certiorari consideration that any remedy by appeal is "inadequate,” 3 Fla. Jur.2d Appellate Review § 468 (1978), necessarily implies that a right to appellate review from an adverse final judgment exist in the first place. In any criminal prosecution in which the state seeks an otherwise unauthorized review of a pre-trial ruling, however, it of course does not.