456 So.2d 892 (1984)
CONTINENTAL VIDEO CORPORATION, Petitioner,
v.
HONEYWELL, INC., Etc., Respondent.
No. 63058.
Supreme Court of Florida.
September 27, 1984.
Larry S. Stewart, James B. Tilghman, Jr. and Bruce A. Christensen of Floyd, Pearson, Stewart, Richman, Greer, Weil & Zack, Miami, for petitioner.
G. William Bissett of Preddy, Kutner & Hardy, and James E. Tribble of Blackwell, Walker, Gray, Powers, Flick & Hoehl, Miami, for respondent.
Henry I. Smyler, Miami, amicus curiae for Alarm Association of Florida, Inc.
Fred R. Ober, Henry M. Knoblock and Kathleen M. Williams of Fowler, White, Burnett, Hurley, Banick & Strickroot, Miami, amicus curiae for Wells Fargo Alarm Services.
Lawrence A. Fuller of Fuller & Feingold, Miami Beach, amicus curiae for Jewelers Mut. Ins. Co.
*893 OVERTON, Justice.
This cause is before us on a petition to review a decision of the Third District Court of Appeal reported as Continental Video Corp. v. Honeywell, Inc., 422 So.2d 35 (Fla. 3d DCA 1982). We originally accepted jurisdiction in this cause on the basis of direct conflict with Sniffen v. Century National Bank of Broward, 375 So.2d 892 (Fla. 4th DCA 1979), and Ivey Plants, Inc. v. FMC Corp., 282 So.2d 205 (Fla. 4th DCA 1973), cert. denied, 289 So.2d 731 (Fla. 1974). Apparent conflict was asserted by Judge Schwartz in his specially concurring opinion in Continental Video, 422 So.2d at 38, and by Judge Ferguson in a footnote in Mankap Enterprises, Inc. v. Wells Fargo Alarm Services, Inc., 427 So.2d 332, 333 n. 4 (Fla. 3d DCA 1983).
The issue concerns the enforceability of exculpatory and liquidated damage clauses in a burglar alarm contract. Neither Sniffen nor Ivey Plants dealt with burglar alarm contracts and the terms of the contracts involved are not similar. All the district court decisions concerning exculpatory and liquidated damage provisions of burglar alarm contracts are consistent. See Mankap; Ace Formal Wear, Inc. v. Baker Protective Service, Inc., 416 So.2d 8 (Fla. 3d DCA 1982); L. Luria & Son, Inc. v. Alarmtec International Corp., 384 So.2d 947 (Fla. 4th DCA 1980). Consequently, no conflict exists and there is no basis for this Court to accept jurisdiction in this cause. The petition for review is denied.
It is so ordered.
BOYD, C.J., and ALDERMAN, McDONALD and SHAW, JJ., concur.
ADKINS and EHRLICH, JJ., dissent.