460 So.2d 521 (1984)
L. LURIA & SON, INC., a Florida Corporation, Appellant,
v.
HONEYWELL, INC., a Foreign Corporation, Appellee.
No. 83-1505.
District Court of Appeal of Florida, Fourth District.
December 12, 1984.
*522 Jan Atlas and Robin Corwin Campbell of Capp, Reinstein, Kopelowitz & Atlas, P.A., Fort Lauderdale, for appellant.
Shelley H. Leinicke of Wicker, Smith, Blomqvist, Tutan, O'Hara, McCoy, Graham & Lane, and James E. Tribble of Blackwell, Walker, Gray, Powers, Flick & Hoehl, Fort Lauderdale, for appellee.
DOWNEY, Judge.
L. Luria & Son, Inc., plaintiff in an action seeking damages resulting from a burglary of its premises while those premises had a burglar alarm system installed and monitored by the defendant, Honeywell, Inc., pursuant to a contract between the parties, appeals from a final judgment that dismissed Luria's amended complaint and entered judgment for Honeywell.
The amended complaint alleged the parties entered into 1) a written contract for installing and monitoring a burglar alarm system and 2) a subsequent verbal contract that Honeywell would advise Luria "of an interruption in telephone lines [that were an integral part of the system] which would affect the operation of the System" and that Honeywell breached the agreements. The amended complaint contained various theories for recovery: breach of contract, breach of express warranties, gross negligence, fraud and gross negligence and intentional tort growing out of a subsequent oral contract. Attached to the complaint was a copy of the written contract between the parties that contained the following exculpatory and limitation of liability clauses:
It is understood and agreed by the parties hereto that Contractor is not an insurer and that insurance, if any, covering personal injury and property loss or damage on Subscriber's premises shall be obtained by the Subscriber; that the Contractor is being paid for the installation and maintenance of a system designed to reduce certain risks of loss and that the amounts being charged by the Contractor are not sufficient to guarantee that no loss will occur; that the Contractor is not assuming responsibility for any losses which may occur even if due to Contractor's negligent performance or failure to perform any obligation under this Agreement. THE CONTRACTOR DOES NOT MAKE ANY REPRESENTATION OR WARRANTY, INCLUDING ANY IMPLIED WARRANTY OF MERCHANTABILITY OR FITNESS, THAT THE SYSTEM OR SERVICE SUPPLIED MAY NOT BE COMPROMISED, OR THAT THE SYSTEM OR SERVICES WILL IN ALL CASES PROVIDE THE PROTECTION FOR WHICH IT IS INTENDED.
Since it is impractical and extremely difficult to fix actual damages which may arise due to the faulty operation of the system or failure of services provided, if, notwithstanding the above provisions, there should arise any liability on the part of the Contractor, such liability shall be limited to an amount equal to one half the annual service charge provided herein or $250, whichever is greater. This sum shall be complete and exclusive and shall be paid and received as liquidated damages and not as a penalty. In the event that the Subscriber wishes to increase the maximum amount of such liquidated damages, Subscriber may, as a matter of right, obtain from Contractor higher limits by paying an additional amount under a graduated scale of rates relating to the higher limits of liquidated damages.
The trial judge dismissed the amended complaint based upon this exculpatory clause on authority of L. Luria & Son, Inc. v. Alarmtec Intern., 384 So.2d 947 (Fla. 4th *523 DCA 1980), and Ace Formal Wear v. Baker Protective Service, 416 So.2d 8 (Fla. 3d DCA 1982).
The enforceability of exculpatory clauses like the one in the present case have been upheld in burglar alarm cases in a number of Florida decisions. L. Luria & Son, Inc. v. Alarmtec Intern., supra; Mankap Enterprises v. Wells Fargo Alarm Serv., 427 So.2d 332 (Fla. 3d DCA 1983); Ace Formal Wear v. Baker Protective Service, 416 So.2d 8 (Fla. 3d DCA 1982); Continental Video Corp. v. Honeywell, Inc., 422 So.2d 35 (FLa. 3d DCA 1982). Following that respectable line of authority in this case, we affirm the judgment appealed from as regards all of the counts in appellant's amended complaint except Count Four, which alleges fraud.
Fraud is an intentional tort and thus not subject to the cathartic effect of the exculpatory clauses found in contracts such as the one in the present case. Zuckerman-Vernon Corp. v. Rosen, 361 So.2d 804 (Fla. 4th DCA 1978); Mankap Enterprises v. Wells Fargo Alarm Serv., supra. Therefore, although the allegations of the fraud count are not models of clarity, we believe Luria is alleging that in the event of a malfunction in the alarm system or telephone lines Honeywell promised Luria that Honeywell would notify Luria and the police, that the promise was made to induce appellant to enter into the contract, and that at the time Honeywell made the promise to Luria Honeywell never intended to fulfill it. Such a promise is actionable. 37 Am.Jur.2d, Fraud and Deceit, § 64. Upon remand it would be appropriate for the trial court to allow Luria to amend the allegations of said count to more clearly state such a claim.
Accordingly, the judgment appealed from is affirmed in all respects except as to Count Four, which alleges fraud. As to that count the judgment is reversed and remanded for further proceedings.
AFFIRMED IN PART; REVERSED IN PART; and remanded with directions.
HURLEY and WALDEN, JJ., concur.