489 So.2d 207 (1986)
Ralph W. TAYLOR and Keith I. Taylor, et al., Appellants,
v.
NEW HAMPSHIRE INSURANCE COMPANY OF MANCHESTER, Appellee.
No. 85-2099.
District Court of Appeal of Florida, Second District.
May 30, 1986.
John V. Doyle, Daytona Beach, for appellants.
Philip D. Parrish and Chris W. Altenbernd of Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Tampa, for appellee.
SCHOONOVER, Judge.
Appellants seek review of a final judgment entered pursuant to a jury verdict in a breach of contract action to recover damages under a fire insurance policy issued by appellee, New Hampshire Insurance Company of Manchester. We find the trial court erred in denying appellants' request for prejudgment interest on the jury verdict, but affirm in all other respects.
In denying appellants' request for prejudgment interest, the trial court relied upon this court's decision in Federal Deposit Insurance Corp. v. Carre, 436 So.2d 227 (Fla. 2d DCA 1983). In Carre, we rejected the first district's test for defining liquidated damages, which was enunciated in Bergen Brunswig Corp. v. State Department of Health & Rehabilitative Services, 415 So.2d 765 (Fla. 1st DCA 1982). Since Carre, however, the supreme court has approved the first district's position that, for the purpose of assessing prejudgment interest, a claim becomes liquidated and susceptible of prejudgment interest when a verdict has the effect of fixing damages as of a prior date. Argonaut Insurance Co. v. May Plumbing Co., 474 So.2d 212 (Fla. 1985); see also, Trend Coin Co. v. Honeywell, Inc., 487 So.2d 1029 (Fla. 1986).
We, accordingly, reverse and remand with instructions to enter an amended final judgment awarding appellants prejudgment interest from the date that the proceeds would have been due under the policy, i.e., sixty days from the filing of the proof of loss. Miller v. First Service Corp., 471 So.2d 1332 (Fla. 3d DCA 1985).
Affirmed in part, reversed in part, and remanded.
GRIMES, A.C.J., and SCHEB, J., concur.