490 So.2d 137 (1986)
KEY BISCAYNE DIVERS, INC. and Art Levine, Appellants,
v.
MARINE STADIUM ENTERPRISES, INC., d/b/a Key Marina, Appellee.
Nos. 85-2540, 85-2558.
District Court of Appeal of Florida, Third District.
June 10, 1986.
Rehearing Denied July 14, 1986.
Hayden & Milliken and William R. Boeringer, John C. Allen, Miami, for appellants.
Toole, Bubb & Beale and M. Lee Fagan, Jacksonville, for appellee.
Before BARKDULL, HENDRY and FERGUSON, JJ.
PER CURIAM.
Plaintiff/appellant[1] contends that an exculpatory clause in a boat storage agreement does not relieve a bailee from responsibility for its own negligence and that *138 such a provision is void as a matter of public policy. We disagree and affirm.
Appellee owned the marina where appellant stored his commercial vessel during the off-season. The boat, used for diving, was destroyed when the rack where it was housed collapsed after a rain storm. Appellant was reimbursed for the full value of the hull by his own insurer but claims here an entitlement to other unspecified consequential damages as well.
The storage agreement in question provides in clear and unequivocal language:
The owner for himself, ... hereby releases and agrees to indemnify and hold harmless the company . .. for any and all liability for personal injury, loss of life and property damage: (1) arising out of the ordinary negligence of the company or its employees and agents in connection with the Company's premises or the use of the storage space; (2) in connection with the Owner's boat, motor and accessories while it is on the premises ...; (3) for loss or damage to the Owner's boat, motor and accessories or contents thereof due to fire, theft, vandalism, collision, marina equipment failure, windstorm, rain, hurricane or other casualty loss.
Elsewhere in the agreement it is expressly provided that the services contemplated are "limited to providing a storage space" according to the terms of the contract.
Contractual provisions by which a party seeks exculpation for his own negligence, although not favored in the law, have been upheld as not violative of public policy where the contract is between persons of equal bargaining power and the provisions are clear and unambiguous. Mankap Enterprises, Inc. v. Wells Fargo Alarm Services, 427 So.2d 332 (Fla. 3d DCA 1983); Ivey Plants, Inc. v. FMC Corp., 282 So.2d 205 (Fla. 4th DCA 1973), cert. denied, 289 So.2d 731 (Fla. 1974). Similarly we have, in a line of burglar alarm cases, upheld exculpatory clauses against claims for consequential losses based on breach of contract and gross negligence. Continental Video Corp. v. Honeywell, Inc., 422 So.2d 35 (Fla. 3d DCA), rev. denied, 456 So.2d 892 (Fla. 1982); Ace Formal Wear, Inc. v. Baker Protective Service Inc., 416 So.2d 8 (Fla. 3d DCA 1982). The only other instance, so far, where public policy has voided an exculpatory clause is where a party sought to be exempted for his own intentional tort. Mankap.
The appellee demonstrated conclusively that there were no public policy factors which precluded enforcement of the storage agreement's exculpatory provisions and that a summary judgment on the question was proper.
Affirmed.
NOTES
[1] Art Levine joined in this appeal on the side of Key Biscayne Divers, Inc. without filing a separate brief.