571 So.2d 92 (1990)
Guy THEIS, II, As Personal Representative of the Estate of Guy W. Theis, III, Appellant,
v.
J & J RACING PROMOTIONS, Florida State Fairgrounds Speedway, Inc., and John Scalise, Appellees.
No. 90-00422.
District Court of Appeal of Florida, Second District.
December 14, 1990.
*93 Edward F. Gerace and Domenic L. Massari, III of Kass, Hodges & Massari, Tampa, for appellant.
Nancy A. Lauten of Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Tampa, for appellees J & J and Florida State Fairgrounds Speedway, Inc.
CAMPBELL, Judge.
Appellant, Guy Theis, II, as personal representative of the estate of Guy W. Theis, III, seeks reversal of the final summary judgment entered on behalf of appellees, J & J Racing Promotions, Florida State Fairgrounds Speedway, Inc., and John Scalise. We find that the summary judgment was proper and, therefore, affirm.
Appellant's decedent, Guy W. Theis, III, was killed while participating in a sprint car race. Appellant's complaint alleged that the decedent's death was the result of the gross, willful and wanton negligence, recklessness and carelessness of appellees. Appellant concedes that he did not attempt to allege a cause of action for intentional tort. Appellees denied appellant's allegations and affirmatively pled that appellant's claim was further barred by a release and waiver of liability agreement executed by the decedent prior to the race in which he was killed. The decedent had been racing for several years and had signed similar releases on numerous occasions. The decedent was killed while leading in a race called the "Dash for Cash" at the Florida State Fairgrounds Speedway, when his sprint car overtook and ran into a vehicle operated by appellee Scalise. Scalise's vehicle was on the track running test laps while the "Dash for Cash" race was being conducted. For the purpose of considering the propriety of the summary judgment, it is conceded that Scalise's vehicle was improperly on the track at the time of the race and that the negligence of appellees which resulted in Scalise's unwarned-of presence on the track would constitute gross negligence.
The essential issue for our determination is whether the release and waiver signed by the decedent was clear, unambiguous, unequivocal, broad enough and specific enough to protect appellees from liability for their own negligence, even if their actions constituted gross negligence. We hold that the release was so clear, unambiguous, unequivocal, broad and specific.
The pertinent parts of the release and waiver provided that those persons signing the release agreed as follows:
1. HEREBY RELEASES, WAIVES, DISCHARGES AND COVENANTS NOT TO SUE the promoter, participants, racing association, sanctioning organization or any subdivision thereof, track operator, track owner, officials, car owners, drivers, pit crews, any persons in any restricted area, promoters, sponsors, advertisers, owners and lessees of premises used to conduct the event and each of them, their officers and employees, all for the purposes herein referred to as "releasees", from all liability to the undersigned, his personal representatives, assigns, heirs, and next of kin for any and all loss or damage, and any claim or demands therefor on account of injury to the person or property or resulting in death of the undersigned, whether caused by the negligence of the releasees or otherwise while the undersigned is in or upon the restricted area, and/or, competing, officiating in, observing, working for, or for any purpose participating in the event;
... .

*94 3. HEREBY ASSUMES FULL RESPONSIBILITY FOR AND RISK OF BODILY INJURY, DEATH OR PROPERTY DAMAGE due to the negligence of releasees or otherwise while in or upon the restricted area and/or while competing, officiating, observing, or working for or for any purpose participating in the event.
EACH OF THE UNDERSIGNED expressly acknowledges and agrees that the activities of the event are very dangerous and involve the risk of serious injury and/or death and/or property damage. EACH OF THE UNDERSIGNED further expressly agrees that the foregoing release, waiver, and indemnity agreement is intended to be as broad and inclusive as is permitted by the law of the Province or State in which the event is conducted and that if any portion thereof is held invalid, it is agreed that the balance shall, notwithstanding, continue in full legal force and effect.
THE UNDERSIGNED HAS READ AND VOLUNTARILY SIGNS THE RELEASE AND WAIVER OF LIABILITY AND INDEMNITY AGREEMENT, and further agrees that no oral representations, statements or inducements apart from the foregoing written agreement have been made.
(Emphasis supplied.)
While exculpatory clauses are not looked upon with favor, they are valid and enforceable when clear and unequivocal. Charles Poe Masonry, Inc. v. Spring Lock Scaffolding Rental Equipment Co., 374 So.2d 487 (Fla. 1979); University Plaza Shopping Center, Inc. v. Stewart, 272 So.2d 507 (Fla. 1973); L. Luria & Son, Inc. v. Alarmtec International Corp., 384 So.2d 947 (Fla. 4th DCA 1980); Middleton v. Lomaskin, 266 So.2d 678 (Fla. 3d DCA 1972).
The release and waiver signed by the decedent clearly excused appellees from liability for acts or omissions resulting from their own negligence "or otherwise." Since the term "negligence" as used in the release is not limited, it must be construed as intended to encompass all forms of negligence, simple or gross. A release using similar language has been held to exculpate from gross negligence, with only intentional torts not being held subject to such an exculpatory clause. L. Luria & Son, Inc. v. Honeywell, Inc., 460 So.2d 521 (Fla. 4th DCA 1984).
The summary judgment is affirmed.
LEHAN and THREADGILL, JJ., concur.