PETITION FOR WRIT OF CERTIORARI
PER CURIAM.
Petitioner, Robert P. Banks, III, filed a two count civil action against Respondent, Public Storage Management, Inc. One count was for fraud in the inducement and the other count was for rescission, cancellation and restitution of a contract. The *477 circuit court determined that it lacked jurisdiction, because the contract limited damages to $5,000, and transferred the case to county court. We grant the petition for writ of certiorari.
Petitioner asserts that when fraudulent inducement is alleged, the language of the contract cannot be used to limit the amount of damages. Respondent'contends that the contractual provision limiting liability is valid and survives petitioner’s claim for fraudulent inducement.
A party may not contractually limit liability in a contract induced by fraud. See, e.g. Burton v. Linotyne Co., 556 So.2d 1126 (Fla. 3d DCA 1990). “Fraud is an intentional tort and thus not subject to the cathartic effect of the exculpatory clauses found in contracts.” L. Luria & Son, Inc. v. Honeywell, Inc., 460 So.2d 521 (Fla. 4th DCA 1984).
We find that it was error for the circuit court to transfer the case to county court for lack of jurisdiction based on a limiting clause in the contract alleged to be fraudulently induced. Accordingly, we reverse and remand for reinstatement of the cause in circuit court.