PER CURIAM.
Appellant, the Public Health Trust of Dade County, (Hospital), appeals a final order of the Department of Administration. We reverse.
Ronald Goins (Goins) was injured in an automobile accident leaving him a quadriplegic. At the time of the accident, Goins’s father had family coverage under the State of Florida Self-Insurance Plan. This plan was administered by Blue Cross Blue Shield of Florida. Because Goins was “between the ages of nineteen and twenty-three years”, the State Self-Insurance Plan would cover him if he was “enrolled in and regularly attending on a full-time basis any school, college or university....” Rule 22.K-1.103, Florida Administrative Code.
Prior to the accident, Goins enrolled and paid his tuition in a state-certified school as a full-time student. This accident occurred a few days before Goins was to begin classes.
After the accident, Goins was taken to the Hospital and received extensive medical treatment. Blue Cross Blue Shield of Florida refused to pay Goins’s hospital bill, claiming that Goins was not “regularly attending” school under the Florida Administrative Code, and thus not covered by his father’s insurance plan.
A hearing officer, determining the claim, found that Goins was not regularly attending school on a full-time basis and was not covered by his father’s policy. The Department of Administration adopted the findings of the hearing officer.
On appeal, the Hospital asserts that because Goins was enrolled in a state-certified college as a full-time student, had paid his tuition and had attended an orientation class, he was covered under the insurance plan. Appellee contends that the hearing officer correctly found that Goins “although enrolled, was not yet ‘regularly attending’ school when injured and, therefore, was not at the time of his accident an eligible dependent of the Insured.”
Where an ambiguity exists in an insurance plan, such that two or more reasonable interpretations can be fairly made, the construction permitting recovery will be given full effect. Shelby Mutual Insurance Company of Shelby, Ohio v. Manchester, 376 So.2d 266 (Fla. 3d DCA 1979), cert. denied, 388 So.2d 1118 (Fla.1980). Furthermore, this court has recently held that a person registered at an educational institution who is on a medical leave of absence is “enrolled as a full-time student.” Klotz v. Anthem Life Insurance Company, 601 So.2d 593 (Fla. 3d DCA 1992).
In this case, the term “regularly attending” is not defined in the Florida Administrative Code. As a result, an ambiguity exists concerning whether Goins was “regularly attending” school at the time of the accident. This ambiguity, in conjunction with the holding in Klotz, permits recovery. Accordingly, we reverse.
Reversed.