SCHWARTZ, Chief Judge.
We reverse the determination below that the state, acting through its Division of State Employees’ Insurance, is not obligated for prejudgment interest on the claim for hospital expenses for which we held it liable in Public Health Trust v. State Dep’t of Management Servs., 605 So.2d 1007 (Fla. 3d DCA 1992).
The state’s asserted defense of sovereign immunity does not bar recovery of prejudgment interest in a successful action in contract, including one of insurance. See Taylor v. New Hampshire Ins. Co., 489 So.2d 207 (Fla. 2d DCA 1986); Miller v. First Serv. Corp., 471 So.2d 1332 (Fla. 3d DCA 1985). As this court has said in the legally indistinguishable situation of a carrier’s suit against a governmental subdivision for unpaid premiums,
it is undisputed that Dade had legal authority to enter into the contract. Further, it cannot be seriously contended that American’s counterclaim is not based upon an express, written contract. The fact that the contract has no express provision concerning interest is of no consequence since such a provision will be implied by law. § 687.01, Fla.Stat. (1971). The principle is established in Florida that where the state (or any of its subdivisions) can sue or be sued, the state (or subdivision) is impliedly liable for any interest on a claim against it. See Florida Livestock Board v. Gladden, 86 So.2d 812 (Fla.1956); Treadway v. Terrel, 117 Fla. 838, 158 So. 512 (1935); Brooks v. School Board of Brevard County, 419 So.2d 659 (Fla. 5th DCA 1982); Broward County v. Sattler, 400 So.2d 1031 (Fla. 4th DCA 1981). This is true even though the payment of interest by the state is not expressly provided for by statute or in the contract. Treadway; Sattler.
Dade does not dispute that it can be sued on the contract. Where, as here, allow- . anee of prejudgment interest would be legal and just as between private parties, and it is necessary for complete compensation and the administration of justice, the state, or in this case, Dade, is liable for interest on a claim arising out of its breach of contract. See Treadway; Sattler. Accordingly, the asserted defense of sovereign immunity does not bar an award of prejudgment interest against Dade in this case.
Dade County v. American Re-insurance Co., 467 So.2d 414, 418 (Fla. 3d DCA 1985) (footnote omitted). The correctness of this holding has recently been reinforced in State v. Family Bank, 623 So.2d 474, 479 (Fla.1993) where the supreme court held:
Waiver of such [sovereign] immunity occurs when the Legislature specifically authorizes suit against a governmental agency by statute without limitation as to interest or when the state enters into a contract fairly authorized by the powers of general law, and an action arises based [on] the state’s breach of that contract. Pan-Am Tobacco Corp. v. Department of Corrections, 471 So.2d 4 (Fla.1984); Treadway. [e.s.]
Finally, this case presents none of the equitable considerations, such as those involved in Family Bank itself and Flack v. Graham, 461 So.2d 82 (Fla.1984), which would preclude prejudgment interest. The state simply failed to pay an insurance claim when it should have. It is therefore liable, like any carrier, see Taylor, 489 So.2d at 207; Miller, 471 So.2d at 1332, for prejudgment interest on that claim. Argonaut Ins. Co. v. May Plumbing Co., 474 So.2d 212 (Fla.1985).
Reversed.