CANADY, Judge.
These consolidated cases relate to a claim made under a commercial general liability policy issued by Owners Insurance Company. The claim was for property damage which occurred during the construction of the Tampa Federal Courthouse.
The Owners policy named BCI, Inc., a subcontractor on the courthouse construction project, as the insured. Clark Construction Group, the general contractor on the project, was an additional insured under the Owners policy. Hartford Fire Insurance Company insured Clark under a builder’s risk policy. After paying Clark for the property damage to the courthouse, Hartford made a first-party claim under the Owners policy. Hartford’s claim was based on the status of Clark-Hartford’s insured-as an additional insured under the Owners policy. A partial summary judgment was entered in favor of Hartford against Owners. The summary judgment determined that under its policy Owners was liable to Hartford for any damages to the courthouse caused by the negligent work of BCI. Ultimately, Hartford obtained a judgment against Owners based on a jury verdict.
On appeal, Owners challenges the basis for the judgment on various grounds. *383 Hartford appeals an order granting prejudgment interest and challenges the trial court’s calculation of the amount of interest awarded. We conclude that the arguments raised by Owners lack merit and, therefore, affirm the judgment in favor of Hartford. We will not further address Owner’s appeal. We conclude, however, that the trial court erred in its calculation of prejudgment interest due to Hartford. We therefore reverse the order awarding prejudgment interest.
The trial court determined that prejudgment interest was due from the date of Hartford’s payment to Clark and calculated the prejudgment interest on that basis. In the circumstances present here — where Hartford’s claim against Owners was based on Clark’s status as an additional insured under the Owners policy — the prejudgment interest awarded by the trial court was inadequate.
In Taylor v. New Hampshire Insurance Co., 489 So.2d 207, 207 (Fla. 2d DCA 1986), we held that where a claim for property damage is made by an insured on an insurance policy “prejudgment interest [is due] from the date that the proceeds would have been due under the policy.” See also Biscayne Supermarket, Inc. v. Travelers Ins. Co., 485 So.2d 861 (Fla. 3d DCA 1986). The principle set forth in Taylor applies to the instant case. We therefore reverse the order awarding prejudgment interest with instructions that the trial court recalculate the prejudgment interest based on the date the proceeds for the loss would have been due under the Owners policy.
Affirmed in part, reversed in part, and remanded.
FULMER and COVINGTON, JJ., Concur.